IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICIA WILLIAMS,

                                                                           OPINION AND ORDER

                   Plaintiff,

                                                                           13-cv-794-bbc

   v.

WISCONSIN DEPARTMENT OF
WORKFORCE DEVELOPMENT,

                   Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Patricia Williams is proceeding on a claim under the Equal Pay Act, 29 U.S.C. § 206(d), alleging that she was paid less than a male coworker performing the same tasks when she worked for defendant Wisconsin Department of Workforce Development. She now seeks to amend her complaint to add new claims against defendant. Dkt. ##25, 26. (I note that plaintiff filed a new complaint in this case on the court-provided complaint form and a supplement to that form, but because these filings do not list plaintiff's Equal Pay Act claim and she has not suggested that she is abandoning that claim, I am construing these filings as a supplements to her original complaint.)  I am denying plaintiff's motion because her undue delay in bringing the motion would cause unfair prejudice to defendant and because her filings fail to state a claim upon which relief may be granted.

In addition, plaintiff has filed a motion to compel in which she says defendant has

refused to produce documents she has requested. Dkt. #27. Because plaintiff admits in her reply brief that defendant has produced all documents, except some for which the deadline ran after the filing of her motion, I am denying her motion.

OPINION

A. Motion for Leave to Amend Complaint

Under Fed. R. Civ. P. 15, courts must give leave "freely" to parties to amend their pleadings, "when justice so requires," but parties are not entitled to such leave when "there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, unfair prejudice to the defendants, or where the amendment would be futile." Hukic v. Aurora Loan Services, 588 F.3d 420, 432 (7th Cir. 2009). In this case, the proposed amendments are futile, untimely and unfairly prejudicial.

In her proposed supplement to her complaint, plaintiff Patricia Williams alleges that "someone working for" defendant violated her rights by signing her name to reimbursement requests and checks and received the funds from the checks. Dkt. #25, at 1. Further, she says that defendant owed her certain benefits during her employment that she was not paid, such as sick and holiday leave and retirement benefits. Plaintiff has also filed another supplement to her complaint in which she asks that she be "compensated . . . for the unnecessary time, I've been off (terminated) from work." Dkt. #26, at 1. She also lists various employment statutes and says she was discriminated against on the basis of her race/color, sex, age, disability and "genetic information," and that she was subject to

2

retaliation.

The first problem with these proposed supplements to her complaint is that plaintiff does not explain why she has waited to assert them until now, nearly ten months after the she filed this case.  She says that she discovered the alleged forgeries on the reimbursement requests and checks after she requested her records under the Open Records Law, but she does not say when she made that request.  Even assuming she brought her motion for leave to amend quickly after receiving the records, she does not explain why she waited until now to request the documents, especially given that her case has been pending for months and the deadline for filing a motion for summary judgment is the end of October.  Moreover, plaintiff does not explain why she waited to bring claims related to her benefits, termination and alleged discrimination, none of which would have required the records she attached to her proposed amended complaint.

Plaintiff's new claims would require additional discovery and investigation that would prejudice defendant's ability to fully prepare for the dispositive motions due on October 31, 2014.  Plaintiff has not given any reason why the court should reschedule that deadline and make defendant wait even longer to resolve this case.

Even if plaintiff had asserted these claims in a timely manner, her motion has other problems:  she has failed to state a claim, so amendment at this stage would be futile.  Her allegation that someone at the Wisconsin Department of Workforce Development forged her signature and took money in her name is insufficient to state a claim because plaintiff does not explain how defendant is responsible for these actions (if anything, it appears to be

3

a victim of these acts), and plaintiff does not name a responsible defendant. Even if she had, this claim could not be joined with plaintiff's Equal Pay Act case under Fed. R. Civ. P. 20 because it would involve different defendants and a different event giving rise to the cause of action. Furthermore, plaintiff says she was owed additional benefits during her employment with defendant, but she does not explain *why* she was owed these benefits. Similarly, plaintiff says she is owed compensation for her time off work, but she does not explain whether she believes she was terminated wrongfully and, if so, on what grounds, so she has not stated a claim on those allegations. Finally, plaintiff says she was discriminated and retaliated against, but she provides no context for these bald assertions and does not say what adverse action defendant took against her out of discrimination or retaliation. She also does not say what protected activity she undertook before the alleged retaliation. Therefore, allowing plaintiff to amend her complaint would be futile because she has failed to state a claim. Hukic, 588 F.3d at 432. Even if plaintiff could amend her complaint again to fix these problems, this would only delay the case further and cause additional prejudice to defendant. Accordingly, I am denying plaintiff's motion for leave to amend her complaint.

### B. Motion to Compel

Plaintiff filed what I construe as a motion to compel discovery in which she says that defendant told her it did not comprehend her request for a production of documents and she contends that this is an "unacceptable Excuse." Plt.'s Mot., dkt. #27, at 1. Plaintiff says she asked to meet with defendant's lawyer, but he has not responded to that request. Defendant

responded to the motion, saying that it had sent plaintiff the documents responsive to her request. Plaintiff's reply brief acknowledges receipt of all but one set of documents, which she says defendant has not turned over. Plaintiff does not say what those documents were, so it is impossible to determine whether she is entitled to them. In any event, she says that defendant had until September 1, 2014 to produce them. Fed. R. Civ. P. 37 requires "certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." This certification is impossible because defendant's production deadline had not passed before plaintiff filed her motion. Therefore, I am denying the motion.

ORDER

IT IS ORDERED that

1. Plaintiff Patricia Williams's motion for leave to amend her complaint, dkt. ##25, 26, is DENIED.

2. Plaintiff's motion to compel discovery, dkt. #27, is DENIED.

Entered this 3d day of September, 2014

                                          BY THE COURT:
                                          /s/
                                          BARBARA B. CRABB
                                          District Judge