IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICIA WILLIAMS,

                  Plaintiff,

v.

WISCONSIN DEPARTMENT OF
WORKFORCE DEVELOPMENT,

                  Defendant.

OPINION AND ORDER

13-cv-794-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

From 2010 to 2012, plaintiff Patricia Williams worked as a vendor for defendant Wisconsin Department of Workforce Development. Vendors are contracted by the department to provide job development and job coaching services. In an order dated February 25, 2015, dkt. #60, I granted defendant's motion for summary judgment with respect to plaintiff's claim under the Equal Pay Act, but I did not resolve plaintiff's claim under the Fair Labor Standards Act because defendant had not included that claim in its summary judgment motion. However, because the scope of FLSA claim was unclear, I directed plaintiff to file supplemental materials to address that issue before deciding whether that claim could proceed to trial.

In her supplement, plaintiff says that defendant violated two provisions in the FLSA. First, she says that defendant violated 29 U.S.C. § 206 by failing to pay her the minimum wage for the hours that she worked over the course of two years. Second, plaintiff says that

1

defendant violated 29 U.S.C. § 207 by failing to pay her one and a half times the regular rate when she worked more than 40 hours a week, which was every week. These allegations are sufficient to state a claim under the FLSA.

In the February 25 order, I stated that

> if plaintiff has a viable legal theory under the FLSA, I may consider the question whether plaintiff qualifies as an "employee" under the FLSA. As noted above, the parties have briefed the question whether plaintiff was an "employee" under the EPA and the parties seem to agree that the standard is identical with respect to both statutes. If plaintiff believes that the meaning of "employee" is not identical under both statutes, she should raise that issue in her supplemental materials.

Dkt. #60 at 8. Plaintiff acknowledges in her supplement that an "employee" is defined the same way under both the EPA and the FLSA, so I may consider defendant's argument from its summary judgment materials that plaintiff was an independent contractor rather than an employee.

The protections of the FLSA apply only to an "employee," 29 U.S.C. §§ 206 and 207, which includes "any individual employed by a State." 29 U.S.C. § 203(e)(2)(C). However, the statute does not describe the factors necessary for work to qualify as employment. In the absence of a specific definition, courts have had to come up with their own. In doing so, the Court of Appeals for the Seventh Circuit has emphasized that the definition of employee should be "broad and comprehensive in order to accomplish the remedial purposes of the Act." Secretary of Labor, U.S. Dept. of Labor v. Lauritzen, 835 F.2d 1529, 1534-35 (7th Cir. 1987). For this reason, "[c]ourts . . . have not considered the common law concepts of 'employee' and 'independent contractor' to define the limits of the Act's coverage." Id.

Thus, an individual may qualify as an employee even if she is paid by the job performed rather than by hours worked. Espenscheid v. DirectSat USA, LLC, 705 F.3d 770, 772-73 (7th Cir. 2013) ("These technicians are more like independent contractors than employees; they spend the work day installing and repairing satellite equipment at customers' homes and are paid on a piece-rate basis—so many dollars per job—rather than being paid a fixed hourly wage. Nevertheless they are within the Act's broad definition of (covered) employees.").

In determining whether an individual is an employee under the FLSA, the question is whether, "as a matter of economic reality [the plaintiff is] dependent upon the business to which [she] render[s] service." Id. In other words, "if individuals are in business for themselves, they are not employees; if they are economically dependent on and within the control of the employer, they are employees." 7 Darrell R. VanDeusen Labor and Employment Law § 177.02[1] (2015). The court of appeals has set forth six, nonexclusive factors to guide a determination whether an individual is an employee: (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task or his employment of workers; (4) whether the service rendered requires a special skill; (5) the degree of permanency and duration of the working relationship; and (6) the extent to which the service rendered is an integral part of the alleged employer's business. Id. at 1535. See also Estate of Suskovich v. Anthem Health Plans Of Virginia, Inc., 553 F.3d 559, 565 (7th Cir. 2009) ("FLSA cases . . . are decided utilizing a broader definition of

employee than the common law, and determine whether an arrangement is an employment or independent contractor relationship with a six-factor test to determine the 'economic reality' of the situation.").

In its summary judgment brief, defendant notes the six-factor test, but it does not discuss any of the factors individually. Instead, it cites a number of proposed facts for the proposition that "the totality of factors" supports a finding that plaintiff was not an employee. Dft.'s Br., dkt. #47, at 6. In particular, defendant says that plaintiff's pay was determined by the number of clients she had and the services she provided rather than by a salary or an hourly rate; she was allowed to work on other projects outside the department; she worked out of her own home or office and saw her clients "whenever and wherever she wished"; she determined her own workload and schedule; she was allowed to "use her own judgment about how she would perform her work"; and she did not receive any training from the department. Id. at 6-7.

In her opposition brief, plaintiff addresses each of the six factors and disputes many of defendant's proposed facts. For example, with respect to the degree of control exerted by defendant, plaintiff cites a seven-page document called "technical specifications" setting forth numerous requirements and guidelines for vendors in conducting their work. Dkt. #55-3. Some of these requirements are quite specific, explaining everything the vendor should do when she meets with a client and the information she needs to gather and report to the department. Estate of Suskovich, 553 F.3d at 566 ("[T]he question is whether the details of the work were in the control of [the defendant].").

She cites another document called "agreement for services," which imposes a number of additional requirements related to reporting and "performance outcomes." Dkt. #55-2. In addition, the document states that the department "will review performance outcomes and require appropriate action as needed." Id. Another part of the document requires plaintiff to "accept all referrals made for all consumers authorized." Id. Plaintiff disputes defendant's allegation that plaintiff was permitted to meet clients wherever she wanted, stating that the department instructed her where to meet. Plt.'s Resp. to Dft.'s PFOF ¶ 15, dkt. #57. Finally, she cites a document in which the department's division of unemployment insurance concluded that plaintiff was an employee under Wisconsin law because of the amount of control the department had over the way she performed her job. Dkt. #55-1. Although the division's conclusion is not binding on this court, it is telling that even the department itself has classified plaintiff as an employee for some purposes.

With respect to the other factors, plaintiff says that the department supplied her the computer, printer and software necessary to do her job, Plt.'s Resp. to Dft.'s PFOF ¶ 16, dkt. #57, provided trainings and annual performance reviews, id. at ¶ 12, and limited her ability to do other work by restricting the potential clients she could solicit, id. at ¶ 17. In addition, she says that she had one-year contracts with the department and argues that the work she did was integral to the department's business.

In its reply brief, the department says little in response to the plaintiff's evidence and argument, but simply summarizes its argument from its opening brief, again failing to address any of the six factors. Under these circumstances, I conclude that plaintiff has raised

a genuine issue of material fact on the question whether she was defendant's employee, so I am allowing plaintiff's FLSA claim to proceed to trial.

Because many of the issues surrounding the FLSA claim have not been fleshed out by the parties, it would be helpful for the parties to submit trial briefs along with their pretrial materials. In those briefs, the parties should identify with specificity the factual and legal issues that they believe need to be resolved at trial, including issues about potential defenses and the appropriate burden of proof with respect to issues such as record keeping. In addition, they should describe the evidence they will use to prove their claims and defenses. In particular, plaintiff should explain how she is prepared to prove that she was not paid a minimum wage or given overtime pay. For example, she should identify which weeks she believes she was not paid a minium wage and provide the basis for her belief. Finally, the parties should explain in their brief why they included each question they have proposed for inclusion in their proposed special verdict forms and how each substantive proposed jury instruction relates to a question or questions on the verdict form.

In closing, I would be remiss if I did not acknowledge the potential difficulty that plaintiff faces in proving her claim at trial. Plaintiff alleges that she worked from 7 a.m. to 11 p.m. seven days a week for two years, Plt.'s Aff. ¶ 15, dkt. #54, which is 112 hours a week. It seems highly implausible that plaintiff could sustain a schedule that required her to work 16 hours a day, every day, for two years, a feat that would seem to require superhuman stamina. Did plaintiff never once take a day off, even for illness? Did she not spend any time with her family and friends? When did she run basic errands? How did she

sustain that schedule for so long without collapsing in complete exhaustion? Plaintiff will have to address questions such as these at trial, particularly because defendant's reason for terminating plaintiff's contract involved her attempts to solicit *more* clients, which seems inconsistent with an allegation that she was working around the clock. However, because defendant did not seek summary judgment on plaintiff's FLSA claim and a court cannot resolve credibility issues before trial, I cannot dismiss plaintiff's claim simply because it seems implausible.

ORDER

IT IS ORDERED that

1. Plaintiff Patricia Williams's claim under the Fair Labor Standards Act will be allowed to proceed to trial.

2. The parties may have until May 1, 2015 to file trial briefs as described in this order. If either side wishes to file a response, they may have until May 15, 2015, to do so.

Entered this 3d day of April, 2015.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge