IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PATRICIA WILLIAMS,

                      Plaintiff,

v.

WISCONSIN DEPARTMENT OF
WORKFORCE DEVELOPMENT,

                      Defendant.

ORDER

13-cv-794-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Patricia Williams is proceeding on a claim that defendant Wisconsin Department of Workforce Development failed to pay her in accordance with the Fair Labor Standards Act. Trial is scheduled for June 1, 2015.

      On April 6, 2015, defendant filed a two-page document in which it argues that plaintiff's FLSA claim is barred under the doctrine of sovereign immunity. Dkt. #65. Although defendant calls the document a "motion for reconsideration," defendant does not identify any errors the court made in a previous order. Defendant did not raise sovereign immunity as a defense until now and courts are not required to raise the issue on their own. <u>Patsy v. Board of Regents of State of Florida</u>, 457 U.S. 496, 515 (1982) ("[W]e have never held that [sovereign immunity] is jurisdictional in the sense that it must be raised and decided by this Court on its own motion."). Thus, defendant's motion is more accurately called an untimely motion for summary judgment.

      In response, plaintiff argues that defendant's motion should be treated as a motion

under Fed. R. Civ. P. 60 and then denied because defendant has not identified any reason it is entitled to relief under that rule. However, Rule 60 applies to requests to vacate the judgment. No judgment has been entered in this case, so Rule 60 does not apply.

The key question presented by defendant's motion is whether defendant forfeited a sovereign immunity defense by failing to raise the issue until now. In its motion, defendant says only that it "should have presented this legal argument to the court earlier in this case" but that "a motion for reconsideration is appropriate to ensure the proper legal result." Dkt. #65. It cites no authority regarding waiver of sovereign immunity. Because plaintiff's argument relies entirely on Rule 60, she ignores the issue as well. Defendant addresses the waiver issue for the first time in a reply brief that was not invited by the court, but even in that brief, the cases defendant cites are not on point.

In my own research, I uncovered case law in which the Supreme Court has held that a state does not waive a sovereign immunity defense by failing to raise it early in the case. For example, in both Patsy, 457 U.S. at 515, and Edelman v. Jordan, 415 U.S. 651, 677-78 (1974), the Court stated that sovereign immunity may be raised for the first time on appeal. Thus, it follows necessarily that the state can raise the defense in the district court even on the eve of trial.

In its motion, defendant cites Mueller v. Thompson, 133 F.3d 1063, 1064 (7th Cir. 1998), which states "the Eleventh Amendment bars suits against a state in federal court based on statutes, including the FLSA, that are enacted under Congress's power to regulate interstate and foreign commerce." Thus, Mueller seems to leave no room for debate whether defendant is entitled to sovereign immunity on plaintiff's FLSA claim. Because plaintiff does

not cite any contrary authority in her response and I am aware of none, I will dismiss this case.

ORDER

IT IS ORDERED that defendant Wisconsin Department of Workforce Development's "motion for reconsideration" (properly construed as a motion for summary judgment), dkt. #65, is GRANTED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered this 17th day of April, 2015.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge